**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**QUANTERKIA CRUMPTON,**                               Case Number: 8:22-cv-2400

    **Plaintiff,**

v.

**SMP CONVENIENCE STORES, INC.,**
**d/b/a 7-Eleven,**

    **Defendant.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Quanterkia Crumpton, by and through her undersigned counsel, hereby brings this action for unpaid minimum wages against Defendant, SMP Convenience Stores, Inc. d/b/a "7-Eleven" pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her Complaint, Plaintiff states as follows:

### Parties

2. Plaintiff resides in Hillsborough County, Florida.

3. Plaintiff was over 18 years of age at all times during her employment with Defendant.

4. Plaintiff was employed by Defendant as a "Cashier".

5. Defendant operates a gas station and convenience store doing business as "7-Eleven."

6. Plaintiff was employed by Defendant from approximately March 8, 2022, until May 6, 2022.

## Jurisdiction

7. Defendant is a gas station conglomerate that owns and operates a "7-Eleven" convenience store in Hillsborough County, Florida.

8. Defendant employed Plaintiff as a cashier in Hillsborough County, Florida.

9. At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

10. All events giving rise to this action occurred in Hillsborough County, Florida.

## Facts

11. Plaintiff was employed by Defendant as a cashier.

12. As a cashier, Plaintiff's primary duties included keeping a clean, safe environment for patrons, processing customer purchases using electronic cash registers and interacting with foreign banking institutions, selling products that were transported to Florida from outside of the state, and giving correct change.

13. Defendant paid Plaintiff on an hourly basis.

14. At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any minimum exemptions or exceptions.

15. While Plaintiff was employed by Defendant, a customer used a coupon to make a purchase.

16. Plaintiff scanned the coupon, which was accepted by Defendant's point of sale system, and completed the sale with the customer.

17. Several days later, Defendant informed Plaintiff that the coupon used by the customer was invalid and/or fraudulent. Plaintiff did not know, and had no reason to know, the coupon used by the customer was invalid or fraudulent because the coupon was accepted by Defendant's point of sale system.

18. Defendant then informed Plaintiff that she would not be paid for the hours she had already worked because Defendant decided that Plaintiff needed to reimburse Defendant for the alleged losses from the fraudulent coupon.

19. In fact, Defendant informed Plaintiff that she would not receive payment for hours she had already worked and that she would not be paid for her upcoming work because she owed Defendant money from the sale.

20. Plaintiff objected to not being paid for the hours worked and being ordered to work future shifts where she would not be paid.

21. Plaintiff desired to be paid at least minimum wage for all hours worked for Defendant.

22. Defendant refused to pay Plaintiff her earned wages and Plaintiff did not receive any payment for hours she had already worked.

23. Defendant, therefore, caused Plaintiff to earn less than the minimum wage.

24. Defendant then ordered Plaintiff to work future shifts off the clock and without payment.

25. Plaintiff was entitled to earn at least minimum wages for all hours worked for Defendant.

26. Plaintiff was forced to resign because Defendant refused to pay Plaintiff at least minimum wages for hours she had already worked and for time she was scheduled to work in the future.

27. Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

28. Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work and did not pay Plaintiff at least minimum wages for all hours worked in a single workweek.

29. Essentially, Defendant engaged in involuntary servitude of the Plaintiff.

30. Defendant failed to pay Plaintiff at least minimum wages for all hours worked by Plaintiff during her employment with Defendant.

31. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff at least minimum wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

32. As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

33. Plaintiff seeks full compensation, including unpaid minimum wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least minimum wages for all hours worked was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

34. Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

35. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that the involved the convenience store industry and required Plaintiff to regularly communicate with out-of-state banking institutions by way of processing debit and credit cards.

36. This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

37. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

38. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the convenience store

industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

39. At all material times relevant to this action, Plaintiff in her capacity as a cashier, and was individually covered by the FLSA. The very essence of Plaintiff's employment, using the internet to communicate with foreign banking institutions, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

40. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

41. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

42. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records, records of payments made by Plaintiff to Defendant to cover "paybacks," and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise amount owed to Plaintiff.

43. However, Plaintiff alleges that she worked for Defendant at a rate less than the appropriate minimum wage.

44. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES

45. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-44, above.

46. Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

47. Plaintiff worked for Defendant in Hillsborough County, Florida.

48. Plaintiff was entitled to be at least minimum wages for all hours worked for Defendant.

49. Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all hours worked during her employment.

50. Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

## COUNT II – RETALIATION IN VIOLATION OF THE FLSA

52. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-44, above.

53. During Plaintiff's employment with Defendant, Defendant informed Plaintiff that she would not be paid at least minimum wage for the time she spent working for Defendant.

54. Plaintiff objected to Defendant's policy that she be paid less than minimum wage for time she spent working for Defendant.

55. Plaintiff orally objected to Defendant's illegal policy.

56. Plaintiff's objections were made in good faith and were protected activities.

57. Defendant refused to pay Plaintiff at least minimum wage for hours she had worked and was scheduled to work in the future.

58. Because Defendant was unwilling to pay Plaintiff minimum wages, Defendant constructively discharged Plaintiff forced Plaintiff was forced to resign from her position with Defendant.

59. Plaintiff suffered damages following her constructive discharge including economic damages.

60. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the back pay, front pay, unpaid minimum wages, unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 19th day of October, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com